449 P.2d 974

Bertha A. GALBRAITH, a widow; and Bertha A. Galbraith, Executrix of the Estate of L. B. Galbraith, Deceased, Appellant,

v.

COURY BROS. RANCHES, INC., a corporation; Albert M. Coury and Tony M. Coury, Appellees.

No. 1 CA–CIV 653.

Court of Appeals of Arizona.

Feb. 4, 1969.

Review Denied March 24, 1969.

Richard F. Harless and William McRae, Phoenix, for appellant.

Browder, Gillenwater & Daughton, by Powell B. Gillenwater, Phoenix, for appellees.

PER CURIAM.

The motion for rehearing makes various assertions that this court misconstrued facts in reaching its previously released opinion. We have looked again at the record and find these assertions without merit. In so doing, and in rereading this opinion, we have reached the conclusion that, while the opinion released may have merit in giving assurance to the parties that this court has examined the record of the trial below and has considered the assertions of error advanced, the opinion copes with no real legal questions. The law that is applied is so well established that it needs no reiteration and, in retrospect, we find no law cited to this court by the appellant which suggests that the judgment reached below is erroneous. Accordingly, and in order to avoid the cost of publishing an opinion which we conceive will have no value as legal precedent, we hereby direct that the following be substituted for our opinion previously released on December 17, 1968:

"This lien foreclosure suit arises out of a complex transaction involving an exchange of various interests in land. The trial court decreed foreclosure of the liens sought to be enforced, and entered judgment for plaintiff-appellee against appellant in the amount of $502,797.98, plus certain other charges incidental to the action. The appellant, a widow acting in her sole and fiduciary capacities, brings this

appeal, contending that the judgment entered was excessive.

"The contentions of error on appeal make factual assumptions which are either not supported by the record or as to which the evidence is in conflict. On appeal, this court is mandated to look at the facts in the most favorable light to support the judgment reached in the trial court. Chadwick v. Winn, 101 Ariz. 533, 421 P.2d 890 (1966). When we do this, we find no contention advanced which merits discussion.[1]

"Judgment affirmed."

The motion for rehearing is denied.

"1. Those interested in reading a more detailed evaluation of this court's reasons for affirmance may obtain, through the clerk of this court, a copy of an opinion previously released to the parties, but which has been replaced by the foregoing opinion on motion for rehearing because of this court's belief that the opinion released had no value as legal precedent."